IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CDM SMITH INC.**                                                                             **PLAINTIFF**

**v.**                                             **CIVIL ACTION NO. 1:15-CV-81-KS-RHW**

**HANCOCK COUNTY BOARD**
**OF SUPERVISORS**                                                          **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss Plaintiff's Complaint ("Motion to Dismiss") [5] filed by Defendant Hancock County Board of Supervisors (the "Board") and the Motion for Leave to Amend Complaint ("Motion to Amend") [16] filed by Plaintiff CDM Smith, Inc. ("CDM"). After considering the submissions of the parties, the record, and the applicable law, the Court finds that CDM's Motion to Amend [16] should be denied and the Board's Motion to Dismiss [5] should be granted in part and denied in part.

## I. BACKGROUND

In June 2007, the Board and CDM entered into a Master Services Agreement ("Agreement"), under which CDM would perform engineering services for the Board. CDM performed the agreed-upon services, and on September 29, 2010, issued an invoice to the Board in the amount of $349,302.00. Then, in July or August 2011, CDM issued a second invoice for the amount of $41,563,50. The Board submitted both these invoices to the Mississippi Emergency Management Agency ("MEMA"), who then submitted a request for payment for the amount of these invoices to the Federal Emergency Management Agency ("FEMA"). FEMA denied this request, and no funds were obtained by the Board from FEMA or MEMA.

On February 25, 2015, CDM submitted a final invoice for the amount of $141,777.06. The Board has yet to pay CDM in connection with any of these invoices. On March 13, 2015, CDM filed the action currently pending before the Court for the Board's failure to pay the amounts of these three invoices.

## II. MOTION TO DISMISS [5]

### A.     Standard of Review

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010) ("To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'") (quoting *Twombly*, 550 U.S. at 555). A complaint containing mere "labels and conclusions, or a formulaic recitation of the elements" is insufficient. *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012) (citation and internal quotation marks omitted). However, "detailed factual allegations" are not required. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955). Although courts are to accept all well-pleaded facts as true and view those facts in the light most favorable to the nonmoving party, courts are not required "to accept as true a legal conclusion couched as factual allegation." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations omitted). "[W]hen a successful affirmative defense appears on the face of the

pleadings, dismissal under Rule 12(b)(6) may be appropriate." *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013) (quoting *Kansa Reins. Co. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)).

**B.     Choice of Law**

The Agreement contains a choice-of-law provision naming Massachusetts law as the law controlling in its execution. Because CDM argues that this means Massachusetts law applies in the current action, the Court must perform a choice-of-law analysis.

A federal court sitting in diversity is bound to follow the substantive law of the forum state, including that state's conflict of law rules. *Klaxon Co. v. Stentor Elec. Mfg. Co*, 313 U.S. 487, 496, 313 S. Ct. 1020, 1021, 85 L. Ed. 1477 (1941); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 114 A.L.R. 1487 (1938). In Mississippi, a choice-of-law analysis is only appropriate where there is a true conflict between the laws of two or more states having an interest in the litigation. *Zurich Am. Ins. Co. v. Goodwin*, 920 So.2d 427, 432 (Miss. 2006) (citing *Boardman v. United Servs. Auto. Ass'n*, 470 So.2d 1024, 1038 (Miss. 1985)). Once a true conflict is found to exist, Mississippi then employs a three-step choice of law analysis: (1) determine whether the conflicting laws are substantive or procedural; (2) classify the area of substantive law, whether tort, property, or contract; and (3) look at the relevant section of the Restatement (Second) of Conflict of Laws. *Id.* at 433.

The only conflict between the laws of Mississippi and Massachusetts that CDM points to is the difference between the two states' statutes of limitation. To decide which statute applies, the Court first looks at whether the statute of limitation is substantive or procedural. "[T]he law of the forum determines whether an issue in the action is substantive or procedural in nature." *Hartford Underwriters Ins. Co. v. Found. Health Servs. Inc.*, 524 F.3d 588, 593 (5th Cir. 2008)

3

(internal quotations and citation omitted) (alteration in original). Because Mississippi is the forum state, its law decides this question. The Mississippi Supreme Court has held that statutes of limitation are procedural. *Ford v. State Farm Ins. Co.*, 625 So.2d 792, 793-94 (Miss. 1993). "Regardless of the substantive law to be applied, Mississippi courts will apply their own procedural law." *Zurich*, 920 So.2d at 433; *see also Davis v. Nat'l Gypsum Co.*, 743 F.2d 1132, 1134 (5th Cir. 1984) ("[Mississippi] applies its own law in matters of procedure, including statutes of limitation."). Therefore, Mississippi's statute of limitations applies. For both CDM's contract and quasi-contract claims, this statute of limitation is three years. *See Wallace v. Greenville Pub. Sch. Dist.*, 142 So.3d 1104, 1107 (Miss. Ct. App. 2014) (holding the three-year statute of limitation from Miss. Code Ann. § 15-1-49 applies to breach of contract claims); *1704 21st Ave., Ltd. v. City of Gulfport*, 988 So.2d 412, 416 (Miss. Ct. App. 2008) (holding quasi-contract claims do not fall within the scope of the Mississippi Tort Claims Act).

    **B.**    **Accrual of Injury**

        **1.**    **Breach of Contract**

Under Mississippi law, the cause of action for a breach of contract claim "accrues at the time of the breach, regardless of the time when the damages from the breach occurred." *Wallace*, 142 So.3d at 1107 (quoting *Johnson v. Crisler*, 125 So. 724, 724-25 (Miss. 1930)). To determine when the contract was breached, the Court looks to the contractual language. Under the contract, "[i]nvoices are due and payable through [the Board's] standard claims payment procedures consistent with Mississippi Law." (Agreement [1-2] at ¶ 4.1.2.) This is not an ambiguous term as CDM contends. Mississippi law clearly states that "[a]ll public bodies that are authorized to issue checks in payment of goods and services . . . shall mail or otherwise deliver such checks no later than forty-five (45) days after receipt of the invoice and receipt,

4

inspection and approval of the goods or services . . . ." Miss. Code Ann. § 31-7-305(2). Neither party argues that the services provided by CDM were not received, inspected, and approved by the Board, so the Court assumes that this requisite for payment occurred simultaneously with receipt of the invoice. As such, the Board was in breach of the contract when it did not issue payment to CDM within forty-five (45) days of receiving the invoice on September 29, 2010, which would mean that CDM's first breach of contract claim accrued on November 13, 2010. The Board breached the contract again when it failed to pay the invoice submitted in July or August of 2011, and this cause of action would have accrued at the latest on October 15, 2011.

Therefore, the latest CDM could have filed a claim for the first breach of contract would have been November 13, 2013, and for its second claim, October 15, 2014. The current action was not filed until March 13, 2015. Accordingly CDM's breach of contract claims are time-barred as to these two invoices. However, CDM also brings a breach of contract claim for an unpaid invoice dated February 25, 2015, which will be allowed to go forward.

### 2. Quasi-Contract Claims

CDM also brings quasi-contract claims of quantum meruit, equitable estoppel, and unjust enrichment. Even absent a formal contract, the Board would still have been under an obligation to pay the invoices within forty-five (45) days of receipt. Therefore, the injury to CDM accrued after those forty-five (45) days had passed under these claims, and the statutes of limitation of these claims would have expired on November 13, 2013, and October 15, 2014, respectively. Accordingly, these claims are also time-barred. However, CDM's claims for quantum meruit, equitable estoppel, and unjust enrichment for the failure to pay the February 2015 invoice are not time-barred and will not be dismissed.

### III. MOTION TO AMEND [16]

CDM has filed its Motion to Amend [16] under Federal Rule of Civil Procedure 15(a), requesting leave to amend its complaint should the Court find that any or all of its claims, as pleaded, are time-barred.  "Rule 15(a) requires a trial court to grant leave to amend freely, and the langauge of this rule evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987, 994 (5th Cir. 2005) (citation and internal quotations omitted).  However, "[i]t is within the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000) (citations omitted).  To determine futility, the Fifth Circuit has held that "the same standard of legal sufficiency as applies under Rule 12(b)(6)" should be applied to the proposed amended complaint.  *Id.* at 873.

### A.     Tolling

CDM makes two arguments why the statute of limitation was tolled for its claims.  First, it argues that the Board's re-submission of its request for payment of pre-award costs to FEMA served as a signed acknowledgment of the Board's debt to CDM.  For an acknowledgment such as this to toll a statute of limitation, it must "state when the balance was due, to whom the balance was due, and for what the balance was due. *Harrison Enters., Inc. v. Trilogy Commc'ns, Inc.*, 818 So.2d 1088, 1092 (Miss. 2002) (quoting *United State Fid. & Guar. Co. v. Krebs*, 190 So.2d 857, 861 (Miss. 1966)) (internal quotations omitted).  Additionally, it must include "both a specification of the debt referred to and a promise to pay a fixed amount in order to support a new promise." *Id.* (quoting *Krebs*, 190 So.2d at 861) (internal quotations omitted).  CDM's Proposed Amended Complaint [16-1] does not plead sufficient information about this alleged signed acknowledgment to prove that it meets the requirements necessary to toll the statute of limitations.  The statutory period will not be tolled on this argument.

CDM also argues that equitable estoppel prevents the Board from raising a statute of limitation defense because of its repeated promises to "make every effort to seek FEMA and MEMA grant funding for payments of amounts owed." (Memo. in Support [17] at p. 6.) These alleged representations to CDM, though, were neither promises to pay or even guarantees that grant funding would be obtained—the Board's alleged statements only assured CDM that grant funding would be sought. CDM knew that the ultimate decision over whether the grant money would be obtained lay in the hands of FEMA and MEMA, not the Board. The Board's alleged representations were not the promises to pay that were found to be sufficient to invoke equitable estoppel in *Harrison Enterprises*. 818 So.2d at 1096. There is nothing pleaded in the Proposed Amended Complaint [16-1] that alleges the Board had a subjective intent to mislead with these statements. Furthermore, the representations could not have been objectively misleading because they do not objectively appear to be calculated to mislead. *See PMZ Oil Co. v. Lucroy*, 449 So.2d 201, 207 (Miss. 1984) ("It is sufficient if the acts of the party sought to be estopped, although made without subjective intent to mislead, were, objectively speaking, calculated to mislead, and did mislead."). Equitable estoppel will therefore not toll the statute of limitation.

Even if the Court were to allow CDM to amend its complaint and add the allegations to support its tolling arguments, these argument were fail. Therefore, the Court will **deny** CDM leave to do so.

B.   **Oral Modification**

CDM argues that there was an oral modification of the Agreement regarding the time the payment of any amounts was due, contending that this type of oral modification is allowed under Massachusetts law, which controls under the contract. The Fifth Circuit confronted this exact argument in *Williamson Pounders Architects PC v. Tunica County, Mississippi.* 597 F.3d 292

(5th Cir. 2010).  In *Williamson Pounders*, the plaintiff had a contract with the county which made Tennessee law controlling.  *Id.* at 294.  The plaintiff argued that because Tennessee recognized oral modifications to a contract, the Mississippi federal court must as well, as Tennessee law was to be applied.  *Id.* at .  The Fifth Circuit ultimately held that Mississippi's significant public policy that "the only permissible method for the alteration of a contract with a board of supervisors is by a subsequent order entered on its minutes" overrode the choice-of-law provision in the contract.  *Id.* at 297-98 (quoting *Butler v. Bd. of Supervisors for Hinds Cnty.*, 659 So.2d 578, 581 (Miss. 1995)).  Following this precedent, the Court cannot find that the contract between CDM and the Board was orally modified in this case.

Because the proposed amendments would be futile as pleaded, the Court will **deny** CDM's Motion to Amend [16].  The Board's Motion to Dismiss [5] will be **granted in part** and **denied in part**.  It will be granted in that all claims pertaining to the September 27, 2010, and August 2011 invoices are dismissed.  It is denied in that all claims related to the February 25, 2015 invoice remain pending.

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Board's Motion to Dismiss [5] is **granted in part** and **denied in part**.

It is **granted** in that the following claims pertaining to the September 27, 2010, and August 2011 invoices are dismissed:  breach of contract, quantum meruit, equitable estoppel, and unjust enrichment.

It is **denied** in that the following claims pertaining to the February 25, 2015 invoice remain pending:  breach of contract, quantum meruit, equitable estoppel, and unjust enrichment.

IT IS FURTHER ORDERED AND ADJUDGED that CDM's Motion to Amend [16] is **denied**.

SO ORDERED AND ADJUDGED this the 19th day of November, 2015.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE